UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MOUNT VERNON FIRE INSURANCE
COMPANY, a foreign company,

       Plaintiff,

v.

BOW DOWN, INC., a Florida corporation,

       Defendant.

CASE NO. 9:14-cv-81157-DMM

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff MOUNT VERNON FIRE INSURANCE COMPANY ("Mount Vernon"), by and through undersigned counsel, files this Response in Opposition to Defendant's Motion to Dismiss and in support thereof state as follows:

1.      On September 9, 2014, Plaintiff filed its Complaint for Declaratory Relief in the United States District Court for the Southern District of Florida, seeking an adjudication of its rights and responsibilities pursuant to an insurance policy issued to Defendant, BOW DOWN, INC. ("Bow Down").

2.      Plaintiff filed this Complaint based on its receipt of a claim from its insured and a request for it to participate in a pre-suit mediation. Bow Down tendered a demand for the $1,000,000.00 policy limits sent by LaTerrance Reed as Personal Representative of the Estate of O'Quan Reed ("Reed Estate").

3.      Despite having requested the parties attend a pre-suit mediation, the Reed Estate filed, but did not serve, an action against Bow Down and various other defendants on October 1,

CASE NO. 9:14-cv-81157-DMM

2014. This action is styled *LaTerrance Reed, as Personal Representative of the Estate of O'Quan Reed, deceased, v. Bow Down, Inc., Urban Youth Impact, David R. Douglas, Carolyn F. Douglas, Sandra Leigh Erneston, and Dark Hammock Preserve, Inc.*, Case No. 50 2014 CA 012009 XXXX MB AG, currently pending in the 15th Judicial Circuit in and for Palm Beach County ("Underlying Action").

4.      Mount Vernon is not a party to the Underlying Action and was not aware that a Complaint was filed until just prior to the unsuccessful "pre-suit" mediation, which took place on January 7, 2015.

5.      On November 3, 2014, Bow Down was served with the Complaint through its registered agent.  Shortly before its responsive pleading was due, Bow Down requested an extension of time to retain counsel to respond to the Complaint, to which Mount Vernon agreed.

6.      Four months after Mount Vernon filed this action, on January 8, 2015, Bow Down filed its own declaratory judgment action in state court in an unabashed attempt to further delay these proceedings and in contempt for the courtesy Mount Vernon extended when it agreed to additional time for Bow Down to respond to the Complaint. *See Bow Down, Inc. v. Mount Vernon Fire Insurance Company*, Case No. 50 2015 CA 000153, currently pending in the 15th Judicial Circuit in and for Palm Beach County ("Second Declaratory Judgment Action").

7.      On January 9, 2015, Bow Down moved to dismiss the instant action on the basis of "pending" state court proceedings which were not even served on Mount Vernon until January 14, 2015, approximately a week after Bow Down's Motion to Dismiss. [D.E. 9.]

8.      The Second Declaratory Judgment Action includes exactly the same parties as the action currently pending before this Court and seeks exactly the same relief.  The action is thus

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

duplicative and an attempt to interfere with the litigation which is already pending before this court.

9.      Furthermore, on January 22, 2015, the Second Declaratory Judgment Action was removed to the United States District Court for the Southern District of Florida and has been assigned Case No. 9:15-cv-80072-XXXX.

10.      As the Second Declaratory Judgment Action is now pending before this court, there are no pending state court proceedings, only a later filed federal court action.

11.      Without any pending state court proceedings, this Court should continue to exercise jurisdiction and resolve this dispute between the parties.  *See Federal Reserve Bank of Atlanta v. Thomas*, 220 F.3d 1235, 1247 (11th Cir. 2000) ("It is an abuse of discretion ... to dismiss a declaratory judgment action in favor of a state court proceeding that does not exist.").

12.      Furthermore, all of the factors set forth by the Eleventh Circuit in *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005), weigh in favor of this Court's continued exercise of jurisdiction.

13.      The main purpose of the court's discretion in exercising jurisdiction is to promote judicial economy and prevent tension between the state and federal judiciary.  Dismissal of this action would reward the defendant's behavior, which has only increased the costs of this litigation and increased tension between the judiciaries by asking the state court to resolve a dispute which was already being adjudicated in the federal courts.

14.      Because this Court undoubtedly has the authority to exercise jurisdiction over this matter, and because there is no pending state court proceeding, Mount Vernon respectfully requests that this Court deny Bow Down's Motion to Dismiss and resolve this dispute without further delay.

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

### Memorandum of Law

The case at bar is an action for declaratory relief.  Plaintiff, Mount Vernon, seeks a declaratory judgment that there is no coverage under the policy issued to Defendant Bow Down, Inc., for a claim arising out of the unfortunate death of a fifteen-year-old boy.  Mount Vernon brought the present declaratory judgment action after receiving a demand for its policy limits.  At the time this action commenced, no suit had been filed against its insured but Mount Vernon had agreed to provide defense counsel and participate in a pre-suit mediation.  Based on the factual circumstances which led to the Underlying Claim, Mount Vernon does not believe its policy provides any coverage for this claim and reserved its rights to deny coverage.  In order to expedite the resolution of the Underlying Claim, Mount Vernon brought this action to determine the rights and responsibilities of the parties under the insurance policy.  Bow Down does not contest the fact that there is complete diversity between Mount Vernon and Bow Down and that the amount in controversy in this matter, which arises out of the death of a minor, exceeds $75,000.00.  Thus, this Court has the authority to exercise jurisdiction over this matter pursuant to 28 U.S.C. Sections 1332 and 2201.

Four months after this action was filed, and after requesting and receiving an extension of time from Mount Vernon so that it could retain counsel and respond to the Complaint, Bow Down has sought to delay these proceedings further by filing a Motion to Dismiss asking that the Court decline to exercise its jurisdiction over this matter.  Bow Down instead suggested that this dispute should be resolved in a one-day-old action which requests exactly the same relief sought in Mount Vernon's Complaint and which includes identical parties.  As an initial matter, dismissal would be inappropriate at this time because the Second Declaratory Judgment Action is no longer pending in the state court.  The action filed by Bow Down has been removed to this

court and assigned Case No. 9:15-cv-80072-XXXX.  Thus, the state court presently has no jurisdiction in any proceedings between these parties.  The caselaw cited by Bow Down in support of discretionary jurisdiction is based on the fact that there are pending state court proceedings.  The Eleventh Circuit has held in no uncertain terms that this court should not dismiss a declaratory judgment action on the basis of discretionary jurisdiction if there are no pending state court proceedings.  "It is an abuse of discretion ... to dismiss a declaratory judgment action in favor of a state court proceeding that does not exist." *Federal Reserve Bank of Atlanta v. Thomas*, 220 F.3d 1235, 1247 (11th Cir. 2000).  As the state courts are currently not exercising jurisdiction over this matter, this Court should continue to exercise its jurisdiction and deny Bow Down's Motion to Dismiss.

Even if there were pending state court proceedings, Bow Down has not asserted any facts which would weigh in favor of dismissing this action.  Bow Down's Motion asserts that dismissal of this action would best serve the interests of judicial economy because one judge would decide all issues amongst the parties.  Bow Down's actions, however, fly directly in the face of judicial economy.  The issues and parties before the court in the Second Declaratory Judgment Action are identical to the ones before the court in the instant action.  Thus, one judge will decide all issues between the parties by resolving this action.  The filing of a Second Declaratory Judgment Action by Bow Down, which seeks relief on issues identical to those raised by Mount Vernon in this matter, has only served to increase the costs of litigation and waste judicial resources.  Dismissing this action on the basis of judicial economy would only serve to reward the frivolous duplication of litigation, which the Second Declaratory Judgment Action exemplifies.

The Eleventh Circuit has set forth various factors for the district courts to consider in deciding whether to exercise discretionary jurisdiction over a declaratory judgment action:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (2) whether the judgment in the federal declaratory action would settle the controversy;
>
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
>
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
>
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
>
> (6) whether there is an alternative remedy that is better or more effective;
>
> (7) whether the underlying factual issues are important to an informed resolution of the case;
>
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005). The court is not required to weigh all factors equally or even to consider all of the factors.  As set forth above, these factors are only relevant when there are pending state court proceedings.  Because there are no pending state proceedings, this court should continue to exercise jurisdiction over this action.  However, even if there were pending state proceedings, a comprehensive review of these factors shows that not a single factor weighs in favor of dismissing this action.  Bow Down does not attempt to dispute that judgment in this action would serve a useful purpose and settle the

- 6 -

controversy.   As Bow Down has requested relief on identical issues in an action between identical parties, it could hardly dispute these facts. Furthermore, as Mount Vernon has since removed the Second Declaratory Judgment Action, the filing of this federal action was not procedural fencing designed to place before this court a case which was otherwise not removeable.   Thus, factors two, three, and four of the *Ameritas* factors weigh in favor of the continued exercise of jurisdiction.

Bow Down also asserts in its Motion that, should this Court dismiss this action, Bow Down would seek to consolidate the Second Declaratory Judgment Action with the Underlying Action for the purposes of consolidating discovery.   Bow Down's argument in this regard completely ignores the fact that, under Florida law, the Second Declaratory Judgment Action cannot be consolidated with the Underlying Action.   However, even if those actions could be consolidated, consolidation would not serve the purposes of judicial economy because the underlying facts at issue are not relevant to the resolution of this dispute.   The Underlying Action will involve significant discovery into the alleged negligence of Bow Down and likely the actions Bow Down could have taken to prevent this tragedy.   None of these facts are relevant to the coverage dispute and thus, forcing Mount Vernon to participate in this litigation will only serve to increase the cost of litigation without helping to resolve the issues between Mount Vernon and Bow Down.   Not only does Bow Down fail to identify a single factual issue which should be decided in the Underlying Action in aid of this dispute, but Bow Down also suggests that the Underlying Action itself should be stayed pending the outcome of the coverage dispute. It is counterintuitive to believe that two actions should be simultaneously stayed and consolidated.  Either the underlying factual issues are relevant to the coverage dispute or they are not.  Mount Vernon submits to this court that all relevant underlying facts are undisputed and

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

thus factors seven and eight of the *Ameritas* factors weigh in favor of the continued exercise of jurisdiction.

The remaining *Ameritas* factors involve the relationship between the state and the federal judiciary and the state's interests in having this issue resolved in the state courts. Mount Vernon acknowledges that the substantive law at issue in this matter is the law of the state of Florida, as it is in all actions where this court exercises diversity jurisdiction. However, the outcome of this case does not depend on Florida law or public policy, except to the extent Florida law creates the standard for determining an insurer's duty to defend or indemnify. This is a well-settled area of Florida law and it is a standard that is applied by the federal courts in resolving similar disputes on a frequent basis. Thus, continued exercise of this court's jurisdiction is unlikely to lead to any increased tension between the state and federal judiciary and the state's interest in resolving this dispute is minimal. Indeed, the most obvious interest the state judiciary has in resolving this dispute is that a citizen of Florida is one of the parties. However, this minimal interest actually weighs in favor of the continued exercise of jurisdiction. The very purpose of the diversity jurisdiction vested in these courts by Article III of the Constitution and by 28 U.S.C. Section 1332 is to ensure that disputes between citizens of different states are decided by an impartial federal judiciary. The case at bar, which involves a dispute between a foreign corporation and a Florida non-profit organization, is precisely the reason the federal courts were granted original jurisdiction over cases based on diversity. Thus, all of the factors set forth in *Ameritas* weigh in favor of this court's continued exercise of jurisdiction.

Finally, Bow Down claims that this matter cannot be fully resolved in this action because only Mount Vernon's duty to defend, and not Mount Vernon's duty to indemnify, can be determined prior to judgment in the Underlying Action. Mount Vernon notes that Bow Down

- 8 -

appears to be confused regarding the basis for Mount Vernon's complaint.  Most notably, Bow Down repeatedly references the complaint brought in the Underlying Action and claims that it was attached as an exhibit to the Complaint brought in the instant action.  Given that the Underlying Action was not filed until three weeks after this action, it would have been impossible for Mount Vernon to include anything filed in this action in its Complaint. Furthermore, Mount Vernon was not even aware a Complaint had been filed until nearly three months later, as it was seemingly not served on any party.  Bow Down's failure to recognize the impossibility of its own allegations regarding the alleged exhibit brings into serious question its assertion that the Second Declaratory Judgment Action truly encompasses all issues between the parties.  Having reviewed the Second Declaratory Judgment Action, Mount Vernon asserts that all of the issues raised in that complaint are at issue here and that the resolution of this action would fully resolve all issues between all parties to the Second Declaratory Judgment Action.

Mount Vernon notes that Bow Down has claimed that this court can only determine Mount Vernon's duty to defend.  While there are some instances where a judgment is necessary in order to determine an insurer's duty to indemnify, this case is not one of those instances.  First and foremost, Mount Vernon does not believe it has a duty to defend or a duty to indemnify Bow Down based on the allegations in the Underlying Action.  If the court holds that Mount Vernon does not have a duty to defend, then it also does not have a duty to indemnify, as the duty to defend is broader than the duty to indemnify.  The very same cases cited by Bow Down recognizes that there are instances where the duty to indemnify is determined prior to the conclusion of the underlying action. For example, "if the court can determine that the allegations in the complaint could under no circumstances lead to a result which would trigger the duty to indemnify …, the court could adequately assess the duty to indemnify prior to a conclusion on

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO. 9:14-cv-81157-DMM

the merits of the underlying litigation." *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001). Furthermore, the Eleventh Circuit has recently noted that facts outside of the complaint itself can be used in some circumstances to determine coverage if these facts are uncontroverted. *See Composite Structures, Inc. v. Continental Ins. Co.*, 560 Fed. App'x 861 (11th Cir. 2014) ("[I]f uncontroverted evidence places the claim outside of coverage, and the claimant makes no attempt to plead the fact creating coverage or suggest the existence of evidence establishing coverage, we think the carrier is relieved of defending." (quoting *Nationwide Mut. Fire Ins. Co. v. Keen*, 658 So. 2d 1101, 1103 (Fla. 4th DCA 1995)). To the extent the relevant facts cannot be established at this point in time, then the state judiciary would also be unable to determine the duty to indemnify prior to adjudication. Therefore, this court is able to fully resolve all issues presently before it to the same extent as the state court.

In summary, Bow Down's Motion to Dismiss is improper and should be denied because there is no pending state court proceeding. Furthermore, Bow Down's attempt to delay the resolution of these issues has resulted in a waste of judicial resources. These delay tactics and this disrespect for the federal judiciary and its ability to exercise jurisdiction over should not be rewarded by granting Bow Down's Motion to Dismiss. Additionally, even if the state court proceedings were pending, the *Ameritas* factors weigh in favor of this court's continued exercise of jurisdiction. The only portion of this litigation which increased tensions between the state and federal judiciary was when Bow Down intentionally attempted to pit the state and federal judiciary against each other by asking the state to resolve the exact same dispute between the exact same parties. The federal judiciary is more than capable of fully resolving this dispute and therefore should exercise its jurisdiction to do the same as expeditiously as possible.

- 10 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO. 9:14-cv-81157-DMM

WHEREFORE, Plaintiff respectfully requests that this Court enter an order denying

Defendant's Motion to Dismiss, requiring Defendant to answer the Complaint, and for such

further relief that this court deems just and proper.

Respectfully submitted,


/s/ Avery A. Dial
Rory Eric Jurman
Fla. Bar No. 194646
Email: rjurman@fowler-white.com

Scott M. Migliori
Fla. Bar No. 99052
Email: smigliori@fowler-white.com

Avery A. Dial
Fla. Bar No. 732036
Email: adial@fowler-white.com


FOWLER WHITE BURNETT, P.A.
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone:    (954) 377-8100
Facsimile:    (954) 377-8101


4827-5774-4161, v.  1