UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 14-cv-81157-MIDDLEBROOKS

MOUNT VERNON FIRE INSURANCE
COMPANY,

    Plaintiff,

v.

BOW DOWN, INC.,

    Defendant.
_____/

## ORDER DENYING MOTION FOR ATTORNEYS' FEES

THIS CAUSE comes before the Court upon a Verified Motion for Attorneys' Fees (DE 21), filed by Defendant Bow Down, Inc. ("Bow Down") on May 12, 2015. On May 26, 2015, Plaintiff Mount Vernon Fire Insurance Company ("Mount Vernon") filed a Motion to Strike Bow Down's Verified Motion for Attorney's Fees, or in the Alternative Response in Opposition (DE 23), to which Bow Down replied (DE 24) on June 9, 2015. For reasons stated below, Bow Down's Motion is denied.

## BACKGROUND

On September 9, 2014, Mount Vernon initiated this action by filing a Complaint against Bow Down for a declaratory judgment, seeking a declaration that it has no duty to defend or indemnify its insured, Bow Down, under a general umbrella insurance policy (the "insurance policy") for claims arising out of a state court wrongful death action. The state court wrongful death action arises out of the drowning of a minor who was on a youth group outing sponsored by Bow Down – Case No. 2014CA012009, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "underlying suit"). Nearly three months later, Bow

Down filed a complaint against Mount Vernon in Florida state court for declaratory judgment, seeking a declaration that Mount Vernon has a duty to defend and/or indemnify Bow Down under the insurance policy. (Case No. 15-80072-DMM, DE 1-1, State Court Complaint ("Second Declaratory Judgment Action")). On January 22, 2015, Mount Vernon removed the Second Declaratory Judgment Action to this Court. (*Id.* at DE 1).

Bow Down moved to dismiss the Complaint in favor of the Second Declaratory Judgment Action. However, because there was no longer a pending state action, the Court denied Bow Down's Motion to Dismiss on April 10, 2015. (DE 8). Mount Vernon then filed a Notice of Voluntary Dismissal pursuant to Federal Rule of Procedure 41(a)(1)(A)(i), and this action was closed on April 20, 2015.

Bow Down now moves for an award for attorneys' fees, arguing it is entitled to its fees as a prevailing party pursuant to Fla. Stat. § 627.428. (DE 21 at 2). Mount Vernon maintains that Bow Down's request is not proper because (1) the Court did not retain jurisdiction in the order dismissing the case, (2) Bow Down failed to comply with Local Rule 7.3 regarding a request for fees, (3) Mount Vernon's right to dismiss pursuant to Rule 41(a)(1)(A)(i) is absolute, and (4) Fla. Stat. § 627.428 is not triggered by a voluntary dismissal. (DE 23 at 2).

## LEGAL STANDARD

The fee applicant bears the burden of establishing entitlement to reasonable attorneys' fees. *See ACLU of Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). After demonstrating entitlement, a court must determine the amount of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The product of these two figures is the lodestar and there is a "strong presumption" that the lodestar is the reasonable sum the attorneys deserve. *See Pennsylvania v. Delaware Valley Citizen's Council for Clean Air*, 478 U.S. 546, 565-66 (1986).

2

## DISCUSSION

Bow Down bears the burden of establishing that it is entitled to reasonable attorneys' fees. *See Barnes*, 168 F.3d at 427. Bow Down maintains that it is entitled to attorneys' fees pursuant to Fla. Stat. § 627.428, which provides that:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Fla. Stat. § 627.428. Bow Down argues that § 627.428 permits an award of attorneys' fees when an insurer "decline[s] to defend its position," resulting in "the functional equivalent of a confession of judgment or a verdict in favor of the insured." (DE 21 at 3) (citing *Wollard v. Lloyd's & Cos. of Lloyd's*, 439 So. 2d 217, 218 (Fla. 1983)). Bow Down maintains that because Mount Vernon "declined to defend its position . . . by taking a Voluntary Dismissal . . . it is entitled to recover its reasonable attorney's fees." (*Id.* at 4).

Bow Down's argument is unavailing. Here, Mount Vernon dismissed the instant action in favor of the Second Declaratory Judgment Action, which was filed by Bow Down and addresses the same issues. Mount Vernon continues to contest coverage and defend against Bow Down in the Second Declaratory Judgment Action. Accordingly, because Bow Down is not a prevailing party and Mount Vernon's voluntary dismissal was not "the functional equivalent of a confession of judgment," Bow Down has failed to demonstrate that it is entitled to an award of attorneys' fees. *See, e.g., O.A.G. Corp. v. Britamco Underwriters, Inc.*, 707 So. 2d 785, 786-87 (Fla. 3d DCA 1998) (finding insured was not entitled to fees where insurer voluntarily dismissed without prejudice in order to refile simplified complaint), *abrogated on other grounds by Caufield v. Cantele*, 837 So. 2d 371 (Fla. 2002).

For these reasons, it is hereby

**ORDERED AND ADJUDGED** that Bow Down's Verified Motion for Attorney's Fees (DE 21) is **DENIED**. Mount Vernon's Motion to Strike Bow Down's Verified Motion for Attorney's Fees (DE 23) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 12 day of August, 2015.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record